UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:06-cr-00456-FDW

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| vs. | ) ) ) ORDER |
| TARVIS LEVITICUS DUNHAM, | ) ) |
| Defendant. | ) ) |

THIS MATTER is before the Court on several motions of Defendant, all of which have been filed pro se: Motion "52(b) Plain error," (Doc. No. 47), Motion for "fraud upon the Court 60(b)(6)," (Doc. No. 48), and Motion for Compassionate Release (Doc. No. 50). The Government responded in opposition to all three motions (Doc. No. 53), and also moves this Court to seal its response (Doc. No. 54). As explained below, the Court DISMISSES Defendant's first motion (Doc. No. 47) and DENIES his other two motions (Doc. No. 48, 50). The Court GRANTS the Government's Motion to Seal (Doc. No. 54).

First, the Court dismisses without prejudice Defendant's Motion that seeks resentencing pursuant to Rule "52(b) Plain error [sic]." (Doc. No. 47). In sum, Defendant's motion argues error in this Court's denial of his first § 2255 motion and again requests the same relief he originally sought and did not receive. The Antiterrorism and Effective Death Penalty Act provides, in relevant part, that before a prisoner may file a second or successive motion under § 2255 challenging his federal criminal judgment(s), he first must obtain authorization to do so from the appropriate circuit court of appeals. 28 U.S.C. §§ 2244(b)(3)(A), 2255(h). A district court lacks jurisdiction to consider a second or successive § 2255 motion unless the motion has been certified in advance by the appropriate appellate court. See § 2255(h); United States v. Winestock, 340

F.3d 200, 205 (4th Cir. 2003). Defendant provides no evidence that he has obtained authorization from the Fourth Circuit to file a second or successive § 2255 motion. Consequently, the Court lacks jurisdiction to consider the instant motion, and it must be dismissed. See Winestock, 340 F.3d at 205.

Next, the Court also summarily denies Defendant's Motion made pursuant to Rule 60(b) that challenges the constitutionality of Title 18 (Public Law 80-772) and, more specifically, 18 § U.S.C. 3231.[1] (Doc. No. 48). Defendant's motion is without merit. Courts have rejected arguments that 18 U.S.C. § 3231 is void due to irregularities in its enactment as being "unbelievably frivolous." In re Moleski, 546 Fed. Appx. 78, 79 (3d Cir. 2013) (quoting United States v. Collins, 510 F.3d 697, 698 (7th Cir. 2007)). Assertions that 18 U.S.C. § 3231 is void have been "firmly denied by every court" that has addressed them. In re Moleski, 546 Fed. Appx. at 79 (quoting Cardenas–Celestino v. United States, 552 F. Supp. 2d 962, 966 (W.D. Mo. 2008)); see also Turner v. United States, 2011 WL 5595939, at *5 (S.D. Ala. Sept 8, 2011) (collecting cases rejecting argument that alleged lack of quorum when passing Pub. L. 80-772, which amended existing jurisdictional statute and enacted § 3231, deprives district courts of jurisdiction over criminal proceedings).

Turning to Defendant's third motion where he seeks compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). Following enactment of the First Step Act, "§ 3582(c) permits incarcerated persons to file motions for compassionate release directly with the district court so long as they first exhaust their administrative remedies." United States v. Kibble, 992 F.3d 326, 330 (4th Cir. 2021) (per curiam). If an inmate has exhausted his or her administrative remedies, the court—in its discretion—may grant an inmate's motion for compassionate release if the court:

---

[1] 18 U.S.C. § 3231 states that "[t]he district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States."

1) finds extraordinary and compelling reasons warrant a sentence reduction, and 2) considers the relevant 18 U.S.C. § 3553(a) sentencing factors. 18 U.S.C. § 3582(c)(1)(A); see also Kibble, 992 F.3d at 330-31, 331 n.3 (per curiam) ("In stark contrast to the portion of the statute that requires a sentence reduction to be 'consistent with applicable policy statements,' § 3582(c)(1) merely requires district courts to 'consider[ ]' the relevant § 3553(a) factors. We understand this language as providing district courts with procedural guardrails for exercising their discretion, not creating a substantive prerequisite to compassionate release.").[2]

Here, the Government contends Defendant has not exhausted his administrative remedies, and Defendant did not respond to that assertion or update the record in this case to demonstrate otherwise. Nevertheless, given the duration for which this motion has been pending, the Court will presume without deciding that the administrative exhaustion requirement is satisfied. The Court thus turns its analysis to whether extraordinary and compelling reasons exist to reduce Defendant's sentence and consideration of the relevant § 3553(a) factors.

After reviewing the record, the Court concludes that Defendant's pleadings fail to demonstrate extraordinary and compelling circumstances to warrant a reduction. See Kibble, 992 F.3d at 333-34 (Gregory, C.J., concurring) (recognizing requirement of "fact-intensive inquiry" that considers "circumstances that, collectively, qualif[y] as extraordinary and compelling"

---

[2] Here, the Government has argued several factors within U.S.S.G. § 1B1.13 support its respective positions on Defendant's motion to reduce his sentence. Since the filing of the parties' briefs, however, the Fourth Circuit has explained it is error for a district court to apply U.S.S.G. § 1B1.13 unless a request for compassionate release is made "[u]pon motion of the Director of the Bureau of Prisons ["BOP"]." United States v. McCoy, 981 F.3d 271, 281–83 (4th Cir. 2020) (holding that "There is as of now no 'applicable' policy statement governing compassionate-release motions filed by defendants under the recently amended § 3582(c)(1)(A)."); see also Kibble, 992 F.3d 326, 331 (4th Cir. 2021) (affirming denial of compassionate release motion "[n][o]twithstanding the district court's error in applying USSG § 1B1.13" after explaining "Mr. Kibble filed his motion for compassionate release directly with the district court; the Director of the BOP did not submit it on his behalf. Accordingly, USSG § 1B1.13 did not apply to Mr. Kibble's request. The district court erred in holding otherwise."). It is undisputed Defendant, and not the BOP, filed the instant motion. The Court has accordingly reviewed the helpful but non-binding guidance from U.S.S.G. § 1B1.13, while also recognizing that this Court is "empowered . . . to consider *any* extraordinary and compelling reason for release that a defendant might raise." McCoy, 981 F.3d at 284 (quotation omitted; emphasis in original).

(citations omitted)). The Court acknowledges the seriousness of Defendant's asserted medical conditions, but these conditions do not rise to the level of "extraordinary or compelling" under this record, particularly where Defendant's health records as provided by the Government indicate that he has been receiving regular medical care and medications for his underlying health conditions.

Defendant argues that his imprisonment during the COVID-19 pandemic—something not anticipated by the sentencing court—increased his prison sentence's punitive effect, making it a "death sentence," and constitutes extraordinary and compelling circumstances that warrant a sentence reduction. As my fellow colleague from the Middle District of North Carolina has explained:

> While circumstances that "undoubtedly increase a prison sentence's punitive effect" may constitute extraordinary and compelling circumstances in some individual cases, United States v. Kibble, 992 F.3d 326, 336 (4th Cir. 2021) (Gregory, J., concurring), if every defendant who experiences hardship during their incarceration is entitled to a finding of extraordinary and compelling circumstances, compassionate release would become the "exception that swallows the general rule of finality." United States v. Hancock, No. 1:06-CR-206-2, 2021 WL 848708, at *5 (M.D.N.C. Mar. 5, 2021). This is particularly true of inmates confined in congregate living situations during the COVID-19 pandemic.

United States v. Chavis, No. 1:18-CR-481-3, 2021 WL 2784653, at *3 (M.D.N.C. July 2, 2021). Moreover, the "hardships" that Defendant claims to have experienced in prison during the COVID-19 pandemic are not particular to Defendant. "Many inmates, as well as non-incarcerated individuals, have been infected with the COVID-19 virus and survived (or feared being infected with the virus), lost close relatives or friends due to the pandemic, and endured isolation, limits on movement, and other restrictive protocols during the pandemic." United States v. Hood, No. 5:18-CR-5-KDB, 2021 WL 3476142, at *1 (W.D.N.C. Aug. 6, 2021) (collecting cases). Thus, Defendant's incarceration during the pandemic does not constitute an "extraordinary and compelling" circumstance warranting early release.

In addition, the Court concludes Defendant has failed to carry his burden to sufficiently establish that the *combined* impact of Defendant's underlying health conditions, the threat of the COVID-19 pandemic, and the conditions of his confinement within the Bureau of Prisons' system warrants a sentence reduction under § 3582(c)(1)(A)(i).[3]

In concluding here that Defendant has not shown extraordinary and compelling circumstances, the Court recognizes it is "empowered . . . to consider *any* extraordinary and compelling reason for release" and the Court has done so by considering all reasons Defendant has raised in the instant motion. United States v. McCoy, 981 F.3d 271, 284 (4th Cir. 2020) (quotation omitted; emphasis in original).

Even presuming Defendant has sufficiently met his burden of establishing an "extraordinary and compelling circumstnace" for a sentence reduction, the Court denies the motion because—under the current record before the Court—it is not warranted under consideration of the applicable § 3553(a) factors. U.S. v. High, 997 F.3d 181, 186 (4th Cir. 2021) ("[I]f a court finds that a defendant has demonstrated extraordinary and compelling reasons, it is still not required to grant the defendant's motion for a sentence reduction. Rather, it must 'consider[]' the § 3553(a) sentencing factors 'to the extent that they are applicable' in deciding whether to exercise its discretion to reduce the defendant's term of imprisonment. 18 U.S.C. § 3582(c)(1)(A).") In

---

[3] See e.g., United States v. Kibble, 992 F.3d 326, 333–34 (4th Cir. 2021) (Gregory, C.J., concurring) ("Here, Mr. Kibble identified three circumstances that, collectively, qualified as extraordinary and compelling: (1) the uncontrolled spread of COVID-19 at FCI Elkton, (2) his tricuspid atresia, and (3) his non-alcohol related cirrhosis of the liver. The district court agreed and so found. At the time of Mr. Kibble's motion, nearly 25% of Elkton's population had contracted COVID-19; nine inmates had died as a result. The ACLU of Ohio and the Ohio Justice & Policy Center had named FCI Elkton as a defendant in a class action suit challenging the facility's conditions of confinement during the pandemic. And, at the time of Mr. Kibble's motion, Elkton was subject to a preliminary injunction aimed at correcting the facility's mismanagement. See Wilson v. Williams, 455 F. Supp. 3d 467, (N.D. Ohio 2020), vacated by Wilson v. Williams, 961 F.3d 829, 833 (6th Cir. 2020). This combination of factors rightly gave rise to the extraordinary and compelling circumstances animating this case."). In contrast, Defendant here has failed to provide a sufficient combination of factors to support a finding of extraordinary and compelling reasons.

considering the relevant 18 U.S.C. § 3553(a) factors,[4] the Court looks not only to the relevant factors considered by the Court when it initially sentenced Defendant, but also to Defendant's sentence-modification arguments and post-sentencing mitigation evidence provided in support of the instant motion. See, e.g., Chavez-Meza v. United States, __ U.S. __, 138 S. Ct. 1959, 201 L.Ed.2d 359 (2018) (explaining obligations of district judge in addressing sentence-modification motion under 18 U.S.C. § 3582(c)(2)); United States v. Martin, 916 F.3d 389 (4th Cir. 2019) (applying Chavez-Meza and explaining obligation of district judge to consider post-sentencing mitigation evidence and provide rationale in addressing § 3582(c)(2) sentence-modification motion); United States v. High, 997 F.3d 181 (4th Cir. May 7, 2021) (applying Chavez-Meza and Martin to affirm decision in the district court denying compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i)).

In reconsidering all of the § 3553(a) sentencing factors applicable here, the Court highlights a few, including the nature and circumstances of the offense and the history and characteristics of Defendant, as well as the need for the sentence to provide just punishment, afford adequate deterrence, provide Defendant with needed medical care, and protect the public. Here, Defendant's convictions and disciplinary record while incarcerated date back more than twenty years and show a trend of violent conduct. Prior crimes include a conviction for indecent liberties with a child in 2002 and a conviction of five counts of bank robbery in 2001. In the instant case and despite having been imprisoned on the prior crimes, Defendant again committed bank robbery. Here, Defendant plead guilty on August 10, 2007, to three counts: (1) assault with a deadly weapon

---

[4] In considering whether release is warranted given the applicable § 3553(a) factors, the Court considers "the nature and circumstances of the offense;" "the history and characteristics of the defendant;" "the need to avoid unwarranted sentence disparities;" and the need for the sentence to "provide just punishment," "afford adequate deterrence," "protect the public," and "provide the defendant with . . . training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a).

during a bank robbery (18 U.S.C. § 2113(d)); (2) larceny of a motor vehicle by force or violence (18 U.S.C. § 2119); and (3) use and carry a firearm during and in relation to a crime of violence (18 U.S.C. § 924(c)). Defendant was sentenced to a total of 300 months of imprisonment. An additional 18 months was assessed for violation of defendant's term of supervised release from his original bank robbery. On December 18, 2012, Defendant was named in a nine-count superseding indictment filed in U.S. District Court, Elkins, West Virginia, for crimes occurring on or about June 14, 2011, while Defendant was an inmate at USP Hazelton. After trial, the Northern District of West Virginia, on September 5, 2013, sentenced Defendant to 240 months of imprisonment for convictions on five counts: (1) one count of obstructing justice by retaliating against a witness (18 U.S.C. § 1513(b)(1)), a class C felony; (2) two counts of assaulting, resisting, and impeding certain officers or employees (18 U.S.C. § 111(a)(1) & (b)), class C felonies; (3) one count of resisting and impeding certain officers or employees (18 U.S.C. § 111(a)(1)), a class A misdemeanor; and (4) one count of resisting and impeding certain officers or employees (18 U.S.C. § 111(a)(1)). This 240-month sentence was ordered to be served consecutive to his prior sentence, for a total sentence of 558 months. Considered together, Defendant's commission of additional crimes while incarcerated for the crimes in the case at bar demonstrates that the original sentence—as imposed—continues to reflect the nature and circumstances of the offense and the history and characteristics of Defendant, as well as the need to provide just punishment, afford adequate deterrence, and protect the public.

Defendant's filings are devoid of any post-sentencing mitigation evidence to demonstrate his attempts at rehabilitation or other exceptional post-sentencing conduct. Martin, 916 F.3d at 396; see also High, 997 F.3d at 190 (recognizing "While these are certainly positive factors, they are much more similar to the various educational courses Chavez-Meza had taken in prison than

to the exceptional post-sentencing conduct of the defendants in Martin and McDonald." (citing Chavez-Meza, 138 S. Ct. at 1967; Martin, 916 F.3d at 396; United States v. McDonald, 986 F.3d 402, 412 (4th Cir. 2021)). Indeed, the evidence before the Court shows otherwise. The Government's response, and exhibits thereto, indicate Defendant has eleven disciplinary infractions issued while in custody, including several for violent conduct and one of which resulted in an additional twenty-year federal sentence as explained above.

In sum, even if Defendant's particular level of vulnerability to the COVID-19 virus represented an "extraordinary and compelling reason" to reduce Defendant's term of imprisonment, the Court's consideration of the applicable § 3553(a) factors counsel against such modification in this case. The Court denies Defendant's Motion for Compassionate Release (Doc. No. 50).

IT IS THEREFORE ORDERED that pursuant to 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a), the Court DENIES Defendant's Motions for Compassionate Release (Doc. No. 50). Defendant's Motion (Doc. No. 47) is DISMISSED without prejudice as an unauthorized, successive motion under 28 U.S.C. §§ 2244(b)(3)(A), 2255(h); and Defendant's Motion (Doc. No. 48) is DENIED. The Court GRANTS the Government's Motion to Seal (Doc. No. 54).

IT IS SO ORDERED.

Signed: September 14, 2021

Frank D. Whitney
United States District Judge